# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CARLOS and PRISCILLA RODRIGUEZ,
individually and as parents of CHARLIE
RODRIGUEZ, a minor,

       Plaintiffs,

       vs.                                                     No. CIV 01-1425 LH/JHG

ROSWELL INDEPENDENT SCHOOL
DISTRICT, BOARD OF EDUCATION OF
THE ROSWELL INDEPENDENT
SCHOOL DISTRICT,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte* to consolidate this case with CIV 02-026 LH/KBM pursuant to Federal Rule of Civil Procedure 42(a). The Clerk of Court shall consolidate the cases under the earlier-filed case number, CIV 01-1425 LH/JHG.

## Procedural History

On December 20, 2001, Plaintiffs initiated this lawsuit in federal court to recover attorney fees and costs from Defendants under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1415(i)(3)(B). That lawsuit was assigned the case number CIV 01-1425 LCS/JHG.[1] Section 1415(i)(3)(B) provides for attorney fees and costs for parents who prevail in a due process proceeding brought under IDEA. Plaintiffs claim they were the "prevailing party" in a due process

---

[1] Plaintiffs consented to proceed before United States Magistrate Judges Leslie C. Smith and Joseph H. Galvan. Judge Smith later transferred the case to this Court, with Judge Galvan as Magistrate. (Minute Order (Docket No. 14), filed April 23, 2002).

administrative hearing regarding the "free appropriate public education" ("FAPE") of their learning disabled son, Charlie.

On November 28, 2001, Plaintiff filed an action against the same Defendants, plus the school district's superintendent, in the Fifth Judicial District Court of the State of New Mexico. That action is both an appeal of portions of the administrative decision for which Plaintiffs seek attorney fees and costs, as well as a complaint for damages based on disability discrimination and violations of state and federal law. On January 9, 2002, Defendants removed that case to federal court, and it was assigned the case number CIV 02-026 LH/KBM.

Defendants filed a motion to stay the proceedings in this case pending the outcome of the appeal in CIV 02-026 LH/KBM. (Motion to Stay Pending a Decision on Appeal (Docket No. 11), filed April 22, 2002). The Court has denied that motion in an order filed contemporaneously with this Memorandum Opinion and Order, on the grounds that the two matters will proceed in the most efficient manner if they are consolidated and addressed by the Court at the same time.

**Legal Standard**

Rule 42 (a) provides that "[w]hen actions involving a common question of law or fact are pending before the court,...it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a). A district court, in its sound discretion, may consolidate related cases *sua sponte*. *E.g., Devlin v. Transportation Communications Intern. Union*, 175 F.3d 121, 130 (2d Cir.1999). Once it determines there is a common question of law or fact, the Court weighs the interest of judicial convenience in consolidating against the delay, confusion, and prejudice that consolidation might cause. *The Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F.Supp. 1560, 1572

(D.N.M. 1994). Judicial economy and reduction of the burden on the parties and witnesses are also considerations.

**Discussion**

There is no question that the two cases before the Court involve common questions of law and fact. They both revolve around whether Defendants have provided and are continuing to provide a FAPE for Charlie. The Court will determine Plaintiffs' entitlement to attorney fees and costs from the same factual and procedural backgrounds as comprise the appeal. Since both cases are pending before this Court, there is little chance that consolidation would cause delay, confusion or prejudice to either party. Because the common facts abound, the Court's interest in addressing the two cases together outweighs whatever small delay might result to the cases individually, and it is likely that less time will be expended overall. With the cases addressing an overlapping set of facts, it is appropriate to consolidate them.

**IT IS THEREFORE ORDERED** that the Clerk of Court immediately consolidate case number CIV 01-1425 LH/JHG with case number CIV 02-026 LH/KBM under the earlier-filed case number, CIV 01-1425 LH/JHG, and reassign all magistrate duties in CIV 02-026 LH/KBM to Magistrate Judge Galvan. The parties are ordered to submit all future court documents and correspondence under case number CIV 01-1425 LH/JHG.

*[signature]*
**UNITED STATES DISTRICT JUDGE**