IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS and PRISCILLA RODRIGUEZ,
individually and as parents and next friends
of CHARLIE RODRIGUEZ, a minor;
CHARLIE RODRIGUEZ;

      Plaintiffs,

      vs.                                                        No. CIV 01-1425 LH/JHG

ROSWELL INDEPENDENT SCHOOL
DISTRICT; BOARD OF EDUCATION OF
THE ROSWELL INDEPENDENT
SCHOOL DISTRICT; DR. AMARANTE
FRESQUEZ, Superintendent of The Roswell
Independent School District;

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion for Partial Dismissal (Docket No. 13 in CIV No. 02-026 LH/KBM) and the Defendants' Motion to Dismiss First Amended Complaint (Docket No. 27 in CIV No. 01-1425 LH/JHG). The Court, having considered the briefs submitted by the parties, the applicable law, and otherwise being fully advised, finds that the Defendants' motions are **well-taken in part** and should be **granted in part** and **denied in part.**

I.      **BACKGROUND**

This case began as a partial appeal of the decision of a New Mexico Administrative

Appeals Officer ("AAO") regarding the sufficiency of the public education provided to the Plaintiffs' learning-disabled son, Charlie. The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*, grants jurisdiction in state or federal district courts for parents to file appeals after exhausting their administrative remedies. 42 U.S.C. §1415(i).

The Plaintiffs requested a due process hearing in June, 2001 claiming that Defendant Roswell Independent School District ("RISD") failed to provide Charlie with a free and appropriate public education ("FAPE"), as required by the IDEA. The Plaintiffs challenged Charlie's education as well as certain procedural aspects of the formulation of Charlie's Individual Education Plan ("IEP").

The due process hearing officer found that Roswell High School had provided Charlie with a FAPE as required by the IDEA. The Plaintiffs timely appealed that decision, and the AAO reversed. The AAO found significant procedural violations of the IDEA that resulted in the denial of a FAPE and ordered the school to correct the procedural violations, include Charlie's parents in the evaluation and IEP processes, and provide a "compensatory education" for Charlie based on the results of a neuropsychological evaluation.

The Plaintiffs appealed portions of the AAO's findings and order in November 2001, during the fall semester of Charlie's senior year. The Plaintiffs filed suit in New Mexico state court, seeking prospective injunctive and declaratory relief, compensatory and punitive damages, and attorney fees and costs for the school's continuing failure to provide Charlie with a FAPE. One of the Plaintiffs' concerns was that Charlie would not graduate from high school with his non-disabled peers in May 2002. The Defendants removed the case to this Court.[1]

---

[1] It was designated CIV No. 02-026 LH/KBM. In a separate action, CIV No. 01-1425 LH/JLG, the Plaintiffs had sued the Defendants in federal court for attorney fees and costs, as the prevailing party in the administrative appeal, under 20 U.S.C. §1415(i)(3). The Court consolidated the two cases under the earlier case

Charlie did graduate in May 2002 and, per the AAO's Decision and the parties' agreement, RISD provided Charlie with transitional educational services from that time until approximately October 29, 2002.[2] At the Court's urging, the Plaintiffs amended their complaint to reflect that Charlie had graduated from high school, received some transitional services, and alleged that Charlie's diploma is meaningless.

The Plaintiffs seek injunctive and declaratory relief as well as damages for past and continuing violations of the IDEA; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; §504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); Article XII, § 1 of the New Mexico constitution; and a state education statute. The Defendants have moved both to dismiss portions of the Plaintiffs' original complaint and the First Amended Complaint in its entirety.

## II. LEGAL STANDARD

In evaluating motions to dismiss, the Court must accept as true the facts as alleged in the complaint. *Davis v. TXO Prod. Co.*, 929 F.2d 1515, 1518 (10th Cir. 1991). Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*, *citing Conley v. Gibson*, 335 U.S. 41, 45-46 (1957).

## III. DISCUSSION

---

number, CIV No. 01-1425 (Docket No. 17) and deferred the issue of attorney fees and costs until the resolution of this portion of the case (Docket No. 16).

[2]The record does not reflect the nature of these transitional services.

A. **DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

The Defendants have moved to dismiss the Plaintiffs' First Amended Complaint, arguing that the Plaintiffs' claims are moot. The Defendants argue that Charlie graduated from high school and therefore received the FAPE to which he was entitled, citing as authority *T.S. v. Independent School District No. 54*, 265 F.3d 1090, 1092 (10th Cir 2001), *cert. denied*, 535 U.S. 927 (2002) ("If a student has graduated from high school and does not contest his graduation, the case is moot.").

In the same paragraph of the *T.S.* case that the Defendants have cited, however, the Court of Appeals also held that "[t]his rule applies, of course, only where a student does not contest his graduation, and where he is seeking only prospective--rather than compensatory--relief." *Id.* The Plaintiffs filed the present suit after using administrative channels but before they knew whether Charlie would graduate. Their amended complaint alleges that Charlie's diploma is "meaningless and without value." Plaintiffs' First Amended Complaint ¶ 13. By the time Charlie did graduate, the case was well underway, and the parties had already agreed that Charlie was entitled, at the least, to transitional services through October 29, 2002. The Plaintiffs seek injunctive relief and compensatory education, as well as damages, in order to remedy the denial of a FAPE.

The rule articulated in *T.S.* therefore does not apply here by its own terms. *T.S.*, 265 F.3d at 1092. Taking the Plaintiffs' assertions as true, it does not appear beyond a doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Davis v. TXO Prod. Co.*, 929 F.2d at 1518. The Defendants' motion to dismiss the Plaintiffs' IDEA claims must therefore be denied.

The Defendants have also moved to dismiss the Plaintiffs' ADA, Rehabilitation Act, and state law claims as moot because they are based on the same facts as the IDEA claim. For the

reasons discussed above, the Plaintiffs have adequately stated claims upon which relief can be granted and which are not moot. The Defendants' motion is denied.

### B.  CLAIMS AGAINST RISD

The Defendants have moved to dismiss RISD as a party defendant because the school district is merely a subdivision of the State and lacks the capacity to sue or be sued.[3] The Court agrees that RISD is not a proper party. A local school district is a geographic political subdivision of the state, N.M. STAT. ANN. § 22-1-2(R) (2003), without the capacity to sue or be sued. The School Board of RISD ("the Board") is the entity that governs the district and that has the statutory capacity to sue or be sued. N.M. STAT. ANN. § 22-5-4(E) (2003). Therefore, all claims against Defendant RISD should be, and hereby are, dismissed. For purposes of determining whether the Plaintiffs exhausted their administrative remedies, however, all actions taken by the Plaintiffs against RISD will be deemed to have been brought against the Board.

### C.  CLAIMS AGAINST DEFENDANT FRESQUEZ[4]

The Defendants argue that Fresquez should be dismissed as a party defendant because the Plaintiffs did not enumerate specific allegations against him in their complaint and named him as a party solely on the basis of agency or *respondeat superior* principles. Defendants' Reply in

---

[3]The Plaintiffs agree with this interpretation of the statute and named RISD as a party only because the school district is the party traditionally named in the due process proceedings at the administrative level. The Plaintiffs do not object to the dismissal of RISD so long as the Defendants do not later argue that the Plaintiffs did not exhaust their remedies against the Board when they did so against RISD.

[4]The Court notes that, according to the Plaintiffs, Dr. Fresquez is no longer the Superintendent of RISD. While the Plaintiffs have not indicated whether Fresquez is sued in his individual or official capacity the Court will presume, based on the pleadings, that he is sued only in his official capacity. The Court urges the Plaintiffs to submit a motion to substitute current Superintendent for Fresquez as a party defendant and designate the capacity in which they have sued the Superintendent.

Support of Motion for Partial Dismissal (Docket No. 18 in Civ. No. 02-026 LH/KBM-ACE) at 2-3, *citing Jones v. Metro. Denver Sewage Disposal Dist. No. 1*., 537 F.Supp. 966, 970 (D. Colo. 1982) (dismissing without prejudice the racial discrimination claims of a pro se plaintiff who failed to make specific allegations against individual defendants in his complaint).  However, the Plaintiffs have alleged that Fresquez "was the Superintendent of the Roswell Independent School District" and "was at all times charged with supervision and management of the District and its employees, creation and implementation of policy and adherence to state and federal law.  RISD had delegated to Dr. Fresquez all policymaking decisions regarding issues set out in this complaint."  Plaintiffs' First Amended Complaint, ¶ 6.  The Plaintiffs' complaint then attributes the alleged acts or failures to act to "the Defendants" generally.

"A pleading which sets forth a claim for relief...shall contain...a short and plain statement of the claim showing that the pleader is entitled to relief..."  FED. R. CIV. P. 8(a)(2).  The allegations in the Plaintiffs' complaint are sufficient under notice pleading standards, *see, e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), and the Defendants' reliance on *Jones* in inapposite.  The discovery process should clarify Fresquez's role, if any, in the special educational policy of RISD and in the actions or inactions taken with respect to Charlie Rodriguez in particular.  The Defendants' motion to dismiss Fresquez as a party defendant on this ground is therefore denied.

The Defendants also assert that the claims against Fresquez should be dismissed because he, like RISD, lacks the capacity to sue and be sued.  With regard to the Plaintiffs' claims against RISD, the school board, and not the school district, is the entity that has the statutory capacity to sue or be sued.  N.M. STAT. ANN. § 22-5-4(E) (2003).  However, the school district lacks the capacity to sue or be sued not because that capacity is conferred by statute upon the school board

but because the school district is a political subdivision of the state for which immunity from suit has not been waived.  *See* N.M. Stat. Ann. §§ 41-4-4 through 41-4-12 (2003).

N.M. STAT. ANN. § 22-5-4(E) does not state that the school district or the school superintendent lacks the capacity to sue or be sued.  It merely confers that capacity on the school board.  While the school district is immune from suit by virtue of being a political subdivision of the state, the same cannot be said of Fresquez.  Whether he is liable as alleged remains to be seen, but he is not immune from suit and does not lack the capacity to be sued.  The Defendants' motion to dismiss Fresquez as a party defendant must therefore be denied.

The Plaintiffs' argument regarding the Defendants' reliance on the *Roswell Independent Schools Board of Education Policy Manual* as authority for the proposition that the Board defines the duties of the district's superintendent warrants a brief discussion.  First of all, Rule 12 states that a motion to dismiss for failure to state a claim shall be treated as a motion for summary judgment if "matters outside the pleading are *presented to* and not excluded by the court."  FED. R. CIV. P. 12(b) (emphasis added).  The Policy Manual was cited in the Defendants' brief, but not "presented to" the Court.  This alone does not require the Court to convert the motion to one for summary judgment.  Secondly, even if the Policy Manual had been presented to the Court, the decision to consider the extrinsic materials is committed to the Court's discretion.  *Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1341-42 (10th Cir. 2000).  Only if such materials are relied upon by the Court to make its decision must the motion be converted to one for summary judgment.  *Id.*  In this case, matters outside the pleadings were neither presented to nor considered by the Court in deciding the present motions.  They are therefore properly considered as motions to dismiss, not for summary judgment.

### D.   STATE STATUTORY CLAIMS

The Defendants have moved to dismiss the Plaintiffs' claims under the remediation statute, N.M. STAT. ANN. § 22-2C-6.  The Defendants argue that N.M. STAT. ANN. § 22-2C-6, does not create a private right of action.  Absent an express cause of action, the Defendant argues that the Plaintiffs' claim under the statute amounts to a claim for educational negligence for which immunity from suit has not been waived under the Tort Claims Act, N.M. STAT. ANN. § 41-4-1, *et seq.*, and must therefore be dismissed.

The Court agrees that N.M. STAT. ANN. § 22-2C-6 does not create a private right of action.  This Court will not imply a cause of action where the New Mexico Legislature has not acted to create an express one.  The Court further agrees with the Defendants that absent an express cause of action in the remedation statute, the Plaintiffs' claims amount to educational malpractice, which is merely a form negligence.  The Plaintiffs confirm this in their Response: "State statutes create duties that may become the basis for legal action, even when a private cause of action is not identified with the statute, to the extent that the statute creates duty [sic] for the public institution."  Plaintiffs' Response to Defendants' Motion for Partial Dismissal at 4.  The remediation statute may create a duty for the school district.  However, a claim for the breach of that duty is barred by sovereign immunity.  *Rubio v. Carlsbad Mun. Sch. Dist.*, 106 N.M. 446, 448, 744 P.2d 919, 920.  The Plaintiffs' statutory claims therefore fail to state a claim upon which relief can be granted and are dismissed.

### E.   STATE CONSTITUTIONAL CLAIMS

Finally, the Defendants have moved to dismiss the Plaintiffs' claims for violations of the "right to a free public education" guaranteed under the New Mexico Constitution.  The only

authority that even approaches creating such a constitutional "right" is *Rubio*, which held that "the *right* and privilege to a free public education does not give rise to a contractual relationship for which an individual may sue for breach of contract." *Id.* (emphasis added). That language is certainly not sufficient to create a new "constitutional tort" and this Court will not be the first to imply a cause of action in a provision of the state constitution. The Plaintiffs' claim under Article XII, § 1 of the New Mexico Constitution fails to state a claim upon which relief can be granted and is dismissed.

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Dismiss the First Amended Complaint (Docket No. 27 in CIV No. 01-1425 LH/JHG) is **denied.**

**IT IS FURTHER ORDERED** that the Defendants' Motion for Partial Dismissal (Docket No. 13 in CIV No. 02-026 LH/KBM) is **granted in part** and **denied in part.**

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**